# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALMASHWALI ABDULLAH,
    Petitioner,

v.

CATRICIA HOWARD,
    Respondent.

No. 1:20-CV-02104

(Judge Rambo)

## MEMORANDUM OPINION

Presently before the Court is Petitioner Almashwali Abdullah's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. (Doc. 1.) Petitioner seeks release to home confinement due to the Covid-19 pandemic. Respondent submitted an answer, arguing, *inter alia*, that Petitioner has failed to exhaust his administrative remedies prior to filing his petition. (Doc. 8 at 1.) Petitioner has not filed a reply, and the time for doing so has now expired. For the reasons that follow, the petition will be dismissed.

**I.   BACKGROUND**

Petitioner is presently incarcerated at the Federal Correctional Center at Allenwood in White Deer, Pennsylvania, and has a projected release date of July 14, 2022, assuming Petitioner receives all good conduct time he is eligible to earn. (Doc. 8 at 2.)

Petitioner filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2241 on November 12, 2020. (Doc. 1.) In it, he argues that it is impossible to

adhere to social distancing and other CDC recommendations regarding the Covid-19 pandemic in prison, and he thus seeks transfer to home confinement. (*Id.* at 7.) Petitioner states that he submitted a BP-9 administrative remedy form to the Warden, but admits that he did not appeal his administrative remedies at any higher level of review. (*See* Doc. 1 at 2.) He states that further exhaustion would be futile. (*Id.* at 4.) Petitioner has not filed a reply nor has he otherwise addressed the exhaustion of his claim.

## II. DISCUSSION

Petitioner is seeking transfer to home confinement due to the Covid-19 pandemic. The petition must be dismissed, however, because Petitioner has failed to exhaust his administrative remedies.

A prisoner must exhaust all stages of the administrative remedy system prior to the filing of a habeas petition under 28 U.S.C. § 2241. *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996); *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981) ("A federal prisoner ordinarily may not seek habeas corpus relief until he has exhausted all administrative remedies."); *Arias v. U.S. Parole Comm'n*, 648 F.2d 196 (3d Cir. 1981). Requiring inmates to exhaust their remedies serves a number of purposes, such as "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing

agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62.  Exhaustion of administrative remedies requires compliance with an agency's deadlines, other critical procedural rules, and all steps of the available administrative process.  *Woodford v. Ngo*, 548 U.S. 81, 90-92 (2006); *Jones v. Bock*, 549 U.S. 199, 218 (2007) (proper exhaustion defined by applicable prison requirements).

In order to exhaust administrative remedies, a federal prisoner must first attempt to informally resolve the dispute with institution staff.  *See* 28 C.F.R. § 542.13.  Then, if informal resolution efforts fail, the prisoner may raise his complaint to the warden of the institution in which he is confined.  *See* 28 C.F.R. § 542.14.  If the warden denies the administrative remedy request, the prisoner may next file an appeal with the regional director within twenty days from the date of the warden's response.  *See* 28 C.F.R. § 542.15.  Finally, if the regional director denies the appeal, the prisoner may then appeal that decision to the general counsel of the Federal Bureau of Prisons within thirty days from the date of the regional director's response.  *See* 28 C.F.R. § 542.15.  The requirement that prisoners first exhaust their administrative remedies applies even for requests for home confinement due to the Covid-19 pandemic.  *See*, *e.g.*, *Cordaro v. Finley*, No. 3:10-CR-75, 2020 WL 2084960, at *5 (M.D. Pa. April 30, 2020).

Here, Petitioner admits in the petition that he has failed to exhaust his administrative remedies. Petitioner's argument that exhaustion would be futile is unavailing, as the Court has previously determined that prisoners must still exhaust their administrative remedies even if they only request home confinement due to the pandemic. *See*, *e.g.*, *Jackson v. White*, 3:20-cv-919, 2020 WL 3036075, at *7 (M.D. Pa. June 5, 2020); *Cordaro*, 2020 WL 2084960, at *5. As such, the petition must be dismissed.[1]  *See Arias*, 648 F.2d at 199 (noting that if a prisoner does not exhaust available administrative remedies, the petition should be dismissed).

### III.   CONCLUSION

For the reasons set forth above, the petition will be dismissed. An appropriate Order follows.

S/Sylvia H. Rambo
United States District Judge

Dated:  April 27, 2021

---

[1] The Court notes that the administrative remedy process is still available to Petitioner, and thus Petitioner's claim is not procedurally defaulted. In the alternative, if the claim were procedurally defaulted, Petitioner has failed to present any cause for his failure to exhaust his administrative remedies. *See Moscato*, 98 F.3d at 761 ("[I]f a prisoner has failed to exhaust his administrative remedies due to a procedural default and the default renders unavailable the administrative process, review of his habeas claim is barred unless he can demonstrate cause and prejudice.").